IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHRYSTAL GRAY**                                                                   **PLAINTIFF**

**VS.**                       **CASE NO. 4:09V00662 JMM**

**ARKANSAS DEPARTMENT OF HUMAN SERVICES
(DHS), JOHN SELIG, DIRECTOR, ET AL.**                                **DEFENDANTS**

**ORDER**

Pending before the Court is defendants's Motion to Dismiss contending that plaintiff's 42 U.S.C. § § 1981 and 1983 discrimination claims are barred by *res judicata*. For the reasons stated below, plaintiff's complaint is dismissed pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim. Defendants's motion is dismissed as moot (#18).

Plaintiff brings this lawsuit for money damages based on termination of her employment by the Arkansas Department of Human Services ("DHS"). Plaintiff has previously filed a lawsuit against some of these same defendants based on a disciplinary action in 2003 and a subsequent transfer to another department which she contended were racially motivated. *See Gray v. Arkansas Department of Human Services, et sl.*, No. 4:04CV00490 (E.D. Ark. 2004) (Gray I). In Gray I, United States District Judge George Howard granted summary judgment in favor of the defendants on all of plaintiff's claims. Plaintiff appealed this decision to the Court of Appeals for the Eighth Circuit where it was affirmed. *See Gray v. Arkansas Department of Human Services, et al.*, No. 07-2177 (8th Cir. 2008) (*per curiam*) (unpublished).

After plaintiff appealed the grant of summary judgment but before the Eighth Circuit ruled on the appeal, the case was reassigned to United States District Chief Judge J. Leon

Holmes and plaintiff filed a Motion to Amend her Complaint attempting to include a February 22, 2007 EEOC "Dismissal and Notice of Rights" letter. Judge Holmes denied the motion finding that it was too late to amend the complaint after judgment had been entered. *Id.* (Doc. #55.)

In this present lawsuit, plaintiff is suing the same defendants that were named in Gray I plus two new defendants, John Selig, Director of DHS and Toni Bogan, Manager of Appeals and Hearings in the Office of Chief Counsel of DHS. Plaintiff brings claims based upon her termination in 2006 which she contends was in retaliation for filing the EEOC charges that were litigated in Gray I.

Plaintiff's § 1981 claims are without merit because an action for damages against a state actor under § 1981 may only be brought pursuant to § 1983. *See Flowers v. City of Minneapolis, Minn.* 558 F.3d 794 (2009) (federal action for damages under § 1981 against state actor may only be brought pursuant to § 1983); *Artis v. Francis Howell North Bank Booster Ass'n Inc.*, 161 F.3d 1178, 1181 (8th Cir.1998) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)) (§ 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."). Because defendants are state actors, plaintiff's § 1981 claims are dismissed.

Plaintiff's complaint seeks money damages and is silent as to the capacities in which the defendants are being sued. If a § 1983 complaint is silent as to the capacity in which a defendant is sued, the complaint is construed to include official-capacity claims only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir.2007). Therefore, plaintiff's complaint will be construed to bring § 1983 claims for money damages against these defendants as state actors.

Plaintiff's claims are without merit because the United States Supreme Court holds that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents*, 535 U.S. 613, 617, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (holding that because the Eleventh Amendment immunizes the states from suit, neither a state nor its officials acting in their official capacities are "persons" under § 1983 when sued for damages). Because these defendants cannot be sued for money damages under § 1983, these claims are dismissed.

Based on the above, it is not necessary for the Court to address defendants's *res judicata* argument. Plaintiff's complaint is dismissed and judgment will be entered accordingly.

IT IS SO ORDERED THIS  22   day of   March  , 2010.


_____
James M. Moody
United States District Judge